J-A10007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RITA M. RICHARDS and CAROLINE J. RICHARDS, Co-Executrices of the ESTATE OF JAMES G. RICHARDS and HELEN RICHARDS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., RIVERSOURCE LIFE INSURANCE COMPANY and THOMAS A. BOUCHARD | |
| Appellants | No. 265 WDA 2015 |

Appeal from the Order February 5, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 01-006614

| | |
|---|---|
| RITA M. RICHARDS and CAROLINE J. RICHARDS, Co-Executrices of the ESTATE OF JAMES G. RICHARDS and HELEN RICHARDS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., RIVERSOURCE LIFE INSURANCE COMPANY and THOMAS A. BOUCHARD | |
| | No. 307 WDA 2015 |

Appeal from the Order Entered January 20, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-01-006614

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY PER CURIAM:                    **FILED JULY 19, 2016**

These consolidated appeals arise out of the judgment entered on March 9, 2015, by the Honorable Paul. F. Lutty, Jr., in the Court of Common Pleas of Allegheny County. We remand for the preparation of a Rule 1925(a) opinion.

James and Helen Richards instituted this action in July 2008, asserting claims of negligent misrepresentation, fraudulent misrepresentation, violation of the unfair trade practices and consumer protection law ("UTPCPL"), breach of fiduciary duty, and negligent supervision related to the sale of a universal life insurance policy. The Richards alleged that the agent representing the corporate life insurance defendants misrepresented the premium payments required to sustain a $100,000 life insurance policy.

Following a non-jury trial, the trial court entered verdict in favor of the UTPCPL claim, but ruled against the claims of fraudulent misrepresentation and negligent misrepresentation.[1] The trial court's verdict included interest, treble damages, and punitive damages. The trial court further granted the petition for counsel fees and costs under the UTPCPL.

Subsequent thereto, the parties filed appeals and conditional cross-appeals from the trial court's judgment, raising multiple allegations of trial

---

[1] The trial court dismissed the claims of breach of fiduciary duty and negligent supervision prior to trial.

court error. On July 6, 2015, the trial court filed a 5-page opinion[2] pursuant to Rule 1925(a) in which it cursorily dismissed the issues raised on appeal, with little elaboration.

Upon receiving a notice of appeal from an order he has entered, a trial judge must generally file an opinion stating the reasons for his order "if the reasons do not already appear of record." Pa.R.A.P. 1925(a). Rule 1925 is important. Indeed, our Supreme Court has referred to it as "a crucial component of the appellate process." **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). The rule "prescribes procedures intended to produce trial court opinions that adequately address alleged errors on appeal, *so that the appellate court has the benefit of the trial court's analysis* on the precise issues raised." G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 1925:1, Volume 20A (2015-2016 ed.) (footnote omitted; emphasis added). "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." **Lord**, 719 A.2d at 308.

Here, the trial court's reasons for its ruling do not readily appear of record, and the trial court's 1925(a) opinion does little to aid in our review of the issues the parties raise on appeal. For example, although the trial court states in its opinion that it was satisfied "Plaintiffs amply met their burden of proof under the UTPCPL" and that "Plaintiffs established reliance in this matter," Rule 1925(a) Opinion, 7/6/15 at 2, the trial court gives no

---

[2] Of the five pages, the first page is a cover page and the fifth page has just four lines of text.

suggestion on its reasoning behind these determinations. Thus, we cannot view the court's opinion as substantially complying with Rule 1925(a). **See M.J.M. v. M.L.G.**, 63 A.3d 331, 336-337 (Pa. Super. 2013) ("[T]he purpose of a Pa.R.A.P. 1925(a) opinion is to address discrete issues raised by an appellant on appeal.").

The issues raised by the parties in this case are many and complex. As the trial court's Rule 1925(a) opinion does little to aid our resolution of these issues, the proper remedy is to remand to the court below with the mandate that a comprehensive opinion be promptly prepared and returned to us. "Only by this remand can the issues be properly framed after consideration and explanation by the court below." **Dresner v. Povlow**, 406 A.2d 350, 350 (Pa. Super. 1979) (per curiam).

Accordingly, we remand this case to the trial court for the preparation of a comprehensive opinion pursuant to Rule 1925(a) that addresses each issue raised in Appellants, Ameriprise Financial, Inc., Ameriprise Financial Services Inc., Riversource Life Insurance Company and Thomas A. Bouchard's appeal.[3]

---

[3] On remand, the trial court need only address those issues raised in Appellants' appellate brief:

1. Whether the trial court erred in entering a verdict for Plaintiffs under the pre-amendment Unfair Trade Practices and Consumer Protection Law ("UTPCPL") – which requires proof of the common law elements of fraud – despite expressly finding that Plaintiffs failed to prove even a negligent misrepresentation?

The trial court is directed to forward the opinion to this Court within 60 days of our remand.

Case remanded. Panel jurisdiction retained.

---

2. In the alternative, whether the trial court erred in entering a non-jury verdict on the UTPCPL claim despite no evidence of causation?

3. In the alternative, whether the trial court erred in awarding both punitive and treble damages under the UTPCPL?

4. Whether the trial court erred in its award of attorneys' fees under the UTPCPL because the amount awarded was unreasonable?

Appellant/Cross-Appellee's Brief at 5. The issues raised in Appellees Rita M. Richards and Caroline J. Richards, Co-Executrices of James G. Richards and Helen Richards' cross-appeals are conditional in the event the verdict is overturned. As the trial court indicated in the prior Rule 1925(a) opinion that the verdict should be affirmed, it need not address those issues on remand.